**Kem Sopheatevy CHAN, Petitioner**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76296.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 10, 2007.

Filed Feb. 28, 2007.

Brian D. Lerner, Esq., Law Offices of Brian D. Lerner, Long Beach, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John J. Andre, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: NOONAN and CLIFTON, Circuit Judges, and SCHIAVELLI,* District Judge.

MEMORANDUM **

Kem Sopheatevy Chan, a native and citizen of Cambodia, petitions for review of

---

* The Honorable George P. Schiavelli, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the decision by the Board of Immigration Appeals.[1] The BIA affirmed the Immigration Judge's denial of Chan's claims for withholding of removal under the Immigration and Nationality Act and relief under the Convention Against Torture. Although the BIA disagreed with one part of the IJ's decision, we deny the petition because we affirm the BIA's and the IJ's finding that Chan failed to demonstrate a likelihood of persecution or torture in Cambodia.

Chan raised three arguments before this Court. First, Chan claimed the IJ erred by finding her an "aggravated felon." Second, Chan asserted the document notifying her that removal proceedings would be initiated against her because of her previous criminal convictions did not meet the requirements for due process. Third, Chan argued that the IJ disregarded the evidence presented that she would be persecuted and tortured if forced to return to her native Cambodia.

■ Chan's first two arguments fail because Chan did not raise and exhaust these issues before the IJ and the BIA. In fact, at her preliminary hearing before the IJ, Chan, through her counsel, admitted all of the factual allegations and charges in the Notice to Appear and conceded her removability. Chan also admitted she reviewed the NTA, conceded proper service, and waived formal reading and explanation of the charges.

As to Chan's third argument, the BIA adopted and affirmed the IJ's decision that the record did not support the conclusion that it was more likely than not that she would be tortured if required to return to Cambodia. We review these findings under the "substantial evidence standard," under which findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." 8 U.S.C. § 1252(b)(4)(B); see Tawadrus v. Ashcroft, 364 F.3d 1099, 1102 (9th Cir.2004).

■ While there is some evidence of isolated mistreatment of those deported from the United States to Cambodia, and Chan testified she feared being raped and tortured, and even killed, this evidence is not enough to compel this Court to grant the petition in light of the heightened standard of review.

Accordingly, because the evidence does not compel a decision to the contrary, we affirm the administrative findings of the IJ and the BIA.

**PETITION FOR REVIEW DENIED.**

---

1. The parties are familiar with the background, so we need not discuss all of the factual details here.

